**Benton C. CAVIN, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 609–86L.**

United States Claims Court.

Dec. 29, 1989.

Benton C. Cavin, Pleasant Hill, Cal., pro se. and for plaintiffs.

Bernard M. Sisson, with whom was Patricia N. Young, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

Plaintiffs[1] seek review of the Interior Board of Land Appeals' (IBLA) denial of their application for attorney fees and costs under the Equal Access to Justice Act, 5 U.S.C. § 504 (1982) (EAJA), in connection with their successful patent application before the IBLA. Defendant has moved to dismiss the complaint under RUSCC 12(b)(1), lack of subject matter jurisdiction, and RUSCC 12(b)(4), failure to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion to dismiss is granted.

1. In addition to Mr. Benton Cavin, the complaint also names as plaintiffs Benton C. Cavin, Benton C. Cavin as assignee of Lorna M. Osborn, Benton C. Cavin, as assignee of Robin C. Cavin, Benton C. Cavin, as executor of the estate of Carl T. Cavin, Doreen N. Cavin, Lorna M. Osburn and Dennis C. Osburn.

## FACTS[2]

Most of the facts underlying this dispute are set forth in detail in a related opinion also issued today, and need not be recounted here. *Cavin v. United States*, 19 Cl.Ct. 190, 192–93 (1989). For the purposes of this opinion, however, the following additional facts are relevant.

On February 17, 1976, Mr. Cavin filed an application for a patent under the Color of Title Act, 43 U.S.C. § 1068 (1982), with the Department of the Interior, seeking title to land at Soquel, California. Mr. Cavin and his family had been occupying and improving the Soquel tract since 1942. The IBLA, after two appeals, determined that a 93% equitable interest in the Soquel property had vested in the Cavins. *Benton C. Cavin*, 83 I.B.L.A. 107 (1984). The IBLA decision required Mr. Cavin to pay $7,390 (representing the remaining 7% interest in the land), which Mr. Cavin paid "under protest." A patent was subsequently issued, and for the first time, the Cavins held legal title to the Soquel property.

Mr. Cavin then filed an application for attorneys' fees and expenses under the Equal Access to Justice Act, 5 U.S.C. § 504. Administrative Judge Burski denied Mr. Cavin's application, holding that the patent proceeding did not constitute an "adversary adjudication" within the meaning of section 554 of the Administrative Procedure Act, and that the Department of the Interior had interpreted the EAJA to exclude all proceedings except those required by statute under section 554. *Benton C. Cavin*, 93 I.B.L.A. 211 (1986). Mr. Cavin's petition for reconsideration was denied by Administrative Judge Burski.

## DISCUSSION

Defendant first argues that the court lacks jurisdiction over plaintiffs' claims, for three reasons: (i) there was no in-court adversary adjudication within the

2. For the purposes of defendant's motion to dismiss, plaintiffs' version of the facts must be accepted as true.

meaning of 28 U.S.C. § 2412;[3] (ii) the Claims Court cannot review IBLA decisions; and (iii) plaintiffs' claim is not encompassed by the Claims Court's statutory grant of jurisdiction under the Tucker Act, 28 U.S.C. § 1491. Defendant's arguments raise a number of complex and novel questions relating to the Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706, as well as the Tucker Act, 28 U.S.C. § 1491. However, the court will reach none of these questions, since the EAJA does not even apply to the present case. Assuming the court has jurisdiction to hear an appeal from an agency's denial of an application for attorneys' fees and costs under the EAJA,[4] plaintiffs fail to state a claim upon which relief can be granted.

■ 5 U.S.C. § 504(a)(1) provides in part: "An agency that conducts an adversary adjudication shall award, to a prevailing party ... fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." The relevant portion of section 504(b)(1) defines "adversary adjudication" as "an adjudication under section 554 of this title." 5 U.S.C. § 554, in turn, applies only to those adjudications required by statute.[5] Although the IBLA did conduct a trial-type hearing when it considered Mr. Cavin's patent application, it was not required by statute to do so. Thus, the patent proceeding was not an adversary adjudication for purposes of the EAJA, and the EAJA is inapplicable.

## CONCLUSION

Plaintiffs' further arguments concerning the coverage of the EAJA require no consideration, as the court will not reach the merits. Defendant's motion to dismiss is GRANTED. The clerk is directed to enter judgment accordingly. Costs are awarded to plaintiffs.

---

3. 28 U.S.C. § 2412 applies to applications for attorneys' fees and costs, where the underlying proceeding took place in federal court. 5 U.S.C. § 504 applies to applications for attorneys fees and costs, where the underlying proceeding took place before an administrative agency. Mr. Cavin seeks attorneys' fees and costs relating to his patent proceeding before the IBLA.

4. Relying on *Foote Mineral Co. v. United States*, 228 Ct.Cl. 230, 654 F.2d 81 (1981), plaintiffs argue that since the Claims Court could hear their claim for a refund of the $7,390 they paid for the patent, it can also hear their appeal of the IBLA's denial of attorneys' fees and costs. In *Foote Mineral Co.*, this court reviewed the IBLA's denial of a claim for a refund of royalties on mineral leases, and took jurisdiction over the IBLA's denial of plaintiff's request for attorneys' fees and costs as incidental to the refund claim. However, unlike the plaintiff in *Foote Mineral Co.*, the Cavins have not alleged overpayment for the patent, nor have they demanded a refund. Therefore, the question arises whether the court could take jurisdiction over the Cavins' EAJA claim, either under the

Administrative Procedure Act, 5 U.S.C. §§ 701–706, or under the Tucker Act, 28 U.S.C. § 1491. The latter approach would require the court to decide whether the EAJA is a statute mandating the payment of money. However, as stated above, the court cannot reach these questions, since the EAJA does not apply to the present case.

5. *See Benton C. Cavin*, 93 I.B.L.A. 211, 216; 43 C.F.R. § 4.603(a) (the Department of Interior has interpreted the EAJA to exclude proceedings not required by statute). 5 U.S.C. § 504(c)(1) vests each administrative agency with the power to set up procedures for the submission and consideration of applications for attorneys' fees and costs under the EAJA. Implicity, section 504(c)(1) gives the agencies the power to interpret the EAJA, in order to determine which agency proceedings are subject to the EAJA, and which are not. This court is without the power to substitute its interpretation of the EAJA for that of the Department of the Interior, when Congress has lodged authority to interpret the administrative-proceeding section of the EAJA, 5 U.S.C. § 504, in the agencies.