950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benton C. CAVIN, Plaintiff-Appellant,
and
Benton C. Cavin, as assignee of Lorna N. Osburn, Benton C.
Cavin, as assignee of Robin C. Cavin, Benton C. Cavin, as
executor of the estate of Carl T. Cavin, Doreen N. Cavin,
Lorna M. Osburn, and Dennis C. Osburn, Plaintiffs,
v.
The UNITED STATES, Defendant/Cross-Appellant.
 Nos. 90-5097, 90-5105.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1991.
Rehearing Denied Dec. 19, 1991.
Suggestion for Rehearing In Banc Declined
Feb. 18, 1992.
 
 Before NIES, Chief Judge, MICHEL and LOURIE, Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 In Appeal No. 90-5097, Benton C. Cavin, pro se and assignee of the interests of other parties below, appeals the dismissal of their complaint filed in the United States Claims Court seeking attorney fees and costs under the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) (1988) (EAJA). Cavin v. United States, 19 Cl.Ct. 198 (1989). The fees and costs were allegedly incurred in connection with a successful application for a land patent before the Interior Board of Land Appeals (IBLA). The IBLA denied the EAJA request for the reason that the EAJA did not authorize payment of fees and costs in connection with agency proceedings of the type in which the plaintiffs had engaged. We affirm.
 
 
 2
 In Appeal No. 90-5105, the government appeals the award of costs to the plaintiffs for Claims Court proceedings. We vacate this award.
 
 Discussion
 
 3
 Section 504(a)(1) provides in relevant part: "An agency that conducts an adversary adjudication shall award, to a prevailing party * * * fees and other expenses incurred by that party in connection with that proceeding * * *." The IBLA concluded that the application process was not "an adversary proceeding" as defined in the statute. The Claims Court, after assuming it had "jurisdiction" under 5 U.S.C. § 504(c)(2) (1988) and 28 U.S.C. § 1491 (1988), agreed with the IBLA and dismissed the plaintiffs' complaint.
 
 
 4
 The primary question presented here is whether the land patent application proceedings before the IBLA constituted an "adversary adjudication" under section 504(a)(1). The EAJA defines this term in section 504(b)(1)(C) as an "adjudication under section 554 of this title * * *." Section 554, United States Code, Title 5 (1988), generally applies "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing * * *." No statute requires this type of adjudication of a land patent application and no such proceeding was held. Cavin argues that the United States Constitution is a "statute" in terms of the "required by statute" language and that the due process clause of the Fifth Amendment entitles a party to a formal administrative adjudication as described in section 554. Even if the Constitution is deemed a statute, due process does not require, in all instances, a formal administrative adjudication. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976). Cavin would still have to show that the opportunity the plaintiffs had to submit documentary evidence and pleadings supporting their application for a patent was inadequate, and that a section 554 formal administrative adjudication was necessary to protect their alleged property rights. However, Cavin merely argued they had a property interest which entitled them to "some kind of hearing." That alone is insufficient to demonstrate entitlement to the process described in section 554. Accordingly, even assuming that the plaintiffs had an interest which was entitled to due process protection, we are not persuaded that the Fifth Amendment requires a formal administrative adjudication for land patent applications before the IBLA. Because the IBLA proceedings are not an "adversary adjudication" for purposes of the EAJA, the EAJA is inapplicable here. As Cavin points to no money mandating statute other than the EAJA, Cavin has not established the Claims Court's Tucker Act jurisdiction over his case. 28 U.S.C. § 1491(a)(1) (1988). See Sawyer v. United States, 930 F.2d 1577, 1580 (Fed.Cir.1991) (citing United States v. Mitchell, 463 U.S. 206, 216 (1983)).
 
 
 5
 We have considered whether we can affirm based simply on the above EAJA interpretation or whether we must also conclude that the Claims Court was the proper forum for review. This question arises because EAJA provides in section 504(c)(2):
 
 
 6
 If a party * * * is dissatisfied with a determination of fees and other expenses made under subsection (a), that party may * * * appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.
 
 
 7
 Whether the appeal should have been taken to the Claims Court or to a district court under section 504(c)(2) presents almost a metaphysical question in this case. Cavin seeks no modification of the IBLA decision under which the plaintiffs received a land patent upon payment of $7,390. If the plaintiffs' application for the patent had been denied, the forum for review would have been a United States district court. If Cavin had specifically sought a refund for any payment required for the patent, the remedy could well have been in the Claims Court. They did neither.
 
 
 8
 Whether the Claims Court was or was not the proper forum, attorney fees could not be awarded because the United States did not consent to such an award by any court. This is a jurisdictional defect in the Claims Court and thus was a proper ground for dismissal. A decision on the alternative ground for dismissal is unnecessary.
 
 Costs for Claims Court Proceedings
 
 9
 Without identifying any basis for the award, the Claims Court awarded costs to the plaintiffs for Claims Court proceedings. We agree with the government that, having found EAJA inapplicable, the Claims Court lacked authority to award to the plaintiffs such costs. While costs may be awarded in connection with Claims Court litigation pursuant to 28 U.S.C. § 2412(a) (1988), that provision is limited as follows:
 
 
 10
 A judgment for costs when taxed against the United States shall ... be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
 
 
 11
 Clearly the plaintiffs do not fall within this provision as a "prevailing party" in this litigation. No other statute is identified by Cavin as authorizing the award of costs, which is necessary to overcome sovereign immunity. We must, therefore, vacate the cost award.
 
 Costs of Appeals
 
 12
 The parties shall bear their own costs of the appeals.